## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| DANIEL E. OWENS and BARBARA S. OWENS, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No: 3:09-cv-00479-WDS-DGW |
| v. | |
| APPLE, INC. | |
| Defendant. | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT APPLE, INC.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

While normally Plaintiffs would readily consent to extensions of time, the circumstance of this class action are unique and the Court should therefore deny Defendant Apple Inc.'s ("Apple") request for an additional 30 days to file a responsive pleading in this action. The Federal Rules of Civil Procedure provide that an extension may be granted **for good cause**. FED. R. CIV. P. 6 (2009). Apple has not met this minimal burden.

Apple's purported "good cause" for an extension is nothing more than a generalized statement that could be made in any case, i.e., it wants "adequate time to investigate the allegations made [in Plaintiffs' Class Action Complaint]…." (Defendant Apple Inc.'s Motion for Extension of Time to File Responsive Pleading, ¶3, CM/ECF Document 9). The drafters of the Federal Rules of Civil Procedure clearly believe that, absent special circumstances, 20 days is an adequate amount of time to conduct the investigation necessary to file an answer or other responsive pleading in response to a federal complaint. FED. R. CIV. P. 12. Apple has not demonstrated that the investigation it needs to conduct is special or unique such that it needs one

and a half times the amount of time the Federal Rules of Civil Procedure allow for a responsive pleading, in addition to the 20 days prescribed by the Rule.

In fact, there is no reason that Apple should need any extra time, much less an additional 30 days, to respond to the Complaint in this action. This action involves one defendant and does not raise novel legal theories. The Plaintiffs' Class Action Complaint only contains 67 paragraphs and four counts, all of which sound in breach of contract or stating consumer fraud violations.

Plaintiffs wish to prosecute this action in an expeditious and efficient manner, and avoid any undue delay. Plaintiffs incurred the time and expense associated with serving the Summons and Complaint upon Apple in this action, as opposed to simply seeking a waiver of service, for the purpose of moving this litigation forward in a more rapid or expeditious fashion. Apple now seeks to prejudice these efforts at expediency by avoiding its duty to file the timely answer or responsive pleading required when actual service takes place. By requesting an additional 30 days to responsive pleading, Apple essentially seeks the benefit of the rule allowing an extended period of time to answer following a waiver of service, without actually waiving service in the case.

It is clear from its local rules that this Court understands the importance of avoiding unnecessary delays. Local Rule 7.1 provides that requests for additional time to respond to motions are "**not favored**." Plaintiffs assume the purpose of this rule is to avoid unnecessary delay and/or dilatory conduct. The same rationale should be applied to Defendant's request to file an answer or other responsive pleading in this action. In other words, the Court should require an actual showing of good cause to justify a 30 day extension, not simply a generalized statement that could be made in any case.

The opening phases of any case often set the tone for how the case will be conducted throughout. While Plaintiffs are usually more than willing to provide opposing counsel with a reasonable extension when requested, Plaintiffs simply feel that an additional 30 days, on top of the 20 days allowed by the Federal Rules of Civil Procedure, to file an answer or other responsive pleading is simply not necessary. Plaintiffs understand that there are delays between the time of service and receipt of the Complaint by Defendant's counsel, and would be willing to concede to a more reasonable extension such as an additional one or two weeks to respond.

Nevertheless, should this Court see fit to grant the additional time, Plaintiffs respectfully request the Court simultaneously set a date for the scheduling conference contemplated by Rule 16 of the Federal Rules of Civil Procedure and Local Rule 23.1. This would serve to alleviate its concerns that an extension would act as a long delay in beginning the prosecution of this action.

Respectfully submitted,

**ONDER, SHELTON, O'LEARY & PETERSON, LLC**

By: /s/ Mark R. Niemeyer_____
James G. Onder
Mark R. Niemeyer
Michael S. Kruse
110 East Lockwood
St. Louis, MO 63119
314-963-9000 telephone
314-963-1700 facsimile
onder@onderlaw.com
kruse@onderlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the CM/ECF system on this 15th day of July, 2009, to the following:

Kathy A. Wisniewski
John W. Rogers
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
kwisniewski@thompsoncoburn.com
jrogers@thompsoncoburn.com


/s/ Mark R. Niemeyer_____