**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DANIEL E. OWENS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 3:09-cv-00479-MJR-DGW |
| ) | |
| APPLE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS**
**MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

Defendant Apple Inc. ("Apple") has moved this Court to enter an Order granting it an additional 30 days to answer, or otherwise respond to, Plaintiffs' Class Action Complaint. In their opposition, Plaintiff acknowledge that they would "normally … readily consent to" to such a routine courtesy. However, Plaintiffs argue that the "circumstances of this class action are unique," and based on this they ask the Court to deny the requested extension. Notably, however, Plaintiffs give no explanation as to why this case is "unique." Indeed, in their opposition Plaintiffs go on to argue that Apple should not get an extension because the case is not unique. Courtesy 30-day extensions are commonly given in cases filed as purported nationwide class actions. Moreover, Plaintiffs do not explain how they will be prejudiced if an extension is granted. Plaintiffs have offered no justification for denying Apple's request.

Plaintiffs' opposition is based exclusively on a challenge as to whether Apple has shown "good cause" for the requested extension. Plaintiffs ask this Court to reject Apple's explanation that it needs additional time to investigate the claims being made against it as a prerequisite to deciding how best to respond to the Complaint. However, under Rule 11 of the Federal Rules of Civil Procedure Apple has a duty to investigate its potential defenses before raising them. Apple

takes this duty seriously. The 20 days allotted by the Federal Rules simply does not allow sufficient time for the required investigation, especially here where Plaintiffs seek a nationwide certification under the laws of 51 different jurisdictions. Notably, in pleading their case, Plaintiffs did not go out of their way to make it easy for Apple to investigate. They did not reveal the codes on the gift cards upon which they base their claims. Nor did they attach copies of those gift cards to the Complaint.

In opposing the requested extension, Plaintiffs admit that the concerns they have about an extension would be alleviated if the Court does not, in conjunction with any allowed extension of time, delay the scheduling conference "contemplated by Rule 16 of the Federal Rules of Civil Procedure and Local Rule 23.1." But, this Court's Rules already provide for a Rule 16 conference within 40 days of Apple's *appearance*, and thus this excuse for deviating from what Plaintiffs profess to be their "normal" practice of agreeing to 30 day extensions is really no excuse at all.

Finally, while Plaintiffs now profess that they are willing to "concede to a more reasonable extension" than 30 days, no such offer was forthcoming when the parties conferred. Instead, during that conference, Plaintiffs just outright refused to agree to Apple's requested extension. In any event, Apple believes that 30 days is needed to properly investigate the claims made, and to then formulate a response.

For the reasons stated herein, and in its Motion, Defendant Apple Inc. respectfully requests that this Court enter an Order granting it an additional 30 days, up to and including August 26, 2009, to answer, or otherwise respond to, Plaintiffs' Class Action Complaint.

Respectfully submitted,

**THOMPSON COBURN LLP**

/s/ Kathy A. Wisniewski
Kathy A. Wisniewski – Lead Counsel
kwisniewski@thompsoncoburn.com
John W. Rogers
jrogers@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of July, 2009, Defendant Apple Inc.'s Reply in Support of its Motion for Extension of Time to File Responsive Pleading was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Kathy A. Wisniewski