## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL E. OWENS, BARBARA S. OWENS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 3:09-cv-00479-MJR-DGW<br>)<br>)<br>)<br>) |

### DEFENDANT APPLE INC.'S BRIEF
### IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Apple Inc. ("Apple") respectfully submits this brief in support of its motion to dismiss the complaint filed by Plaintiffs Daniel E. Owens and Barbara S. Owens ("Plaintiffs").

### INTRODUCTION

Plaintiffs' entire case depends on the ill-founded premise that the single statement on certain iTunes gift cards that "Songs are 99¢" was a guarantee that all songs available at the iTunes online store would be priced at 99¢ for all time. Thus, according to Plaintiffs, when the price of "certain songs" was raised to $1.29, Apple became liable to any gift card purchaser who purchased even a single song for $1.29. Plaintiffs make this claim notwithstanding the fact that the overwhelming majority (99%)[1] of songs at the iTunes store *are* priced at 99¢ or less.[2] Thus, Plaintiffs could readily have spent the full value of their gift cards on songs priced at 99¢. Plaintiffs purport to premise breach of contract, consumer fraud and other claims on the

---

[1] In April 2009, Apple restructured iTunes pricing and converted to a three-tiered pricing system in which some individual songs increased in price to $1.29, some individual songs decreased in price to 69¢ per song, and the vast majority (99%) of individual songs remained (and still remain) available at a price of 99¢ per song.

[2] Notably, Plaintiffs never allege that a significant percentage of songs is priced above 99¢. As set forth above, that is because they cannot.

allegation that "they and/or a member of their household" chose instead to purchase at least one song for $1.29. Plaintiffs' own complaint makes clear that their claims are factually baseless and legally flawed, and should be dismissed.

Plaintiffs first contend that the statement "Songs are 99¢" contractually obligates Apple to price all iTunes songs at 99¢ forever, and that Apple breached that contract when it changed the price of "certain songs" to $1.29. Plaintiffs' breach of contract claims fail for a number of reasons. First, Plaintiffs lack privity of contract with Apple. Second, Plaintiffs have failed to plead facts which establish that "Songs are 99¢" is a definite and certain contract term that locked in the price of all iTunes songs at 99¢ forever. Finally, Plaintiffs have suffered no damage – they got what they paid for.

Plaintiffs' Illinois Consumer Fraud Act ("CFA") claim is similarly flawed. The statement "Songs are 99¢" was and is true – there always have been, and still are, iTunes songs available for 99¢. Thus, Plaintiffs cannot establish that Apple engaged in a deceptive act or practice. Plaintiffs also fail to allege facts sufficient to establish materiality, intent, proximate causation, and damages.

Plaintiffs' fourth claim, which alleges indefinite violations of unidentified consumer protection laws of states *other* than Illinois, is also baseless. Plaintiffs, residents of Illinois who claim to have purchased the gift cards at issue from retailers in Illinois, have not alleged and cannot allege how the laws of other states can apply extraterritorially to their claims.

In sum, each of Plaintiffs' claims fails as a matter of law and should be dismissed with prejudice.

**STATEMENT OF FACTS**

Apple operates an online store known as the iTunes Store where songs and other media

2

are sold in digital format, allowing users to download them to their computers and other devices. (Compl., ¶¶ 12-13.)  Purchases from the iTunes Store can be paid for with, among other things, a debit card, a credit card, or an iTunes gift card.  (*Id.*, ¶¶ 16-17.)  iTunes gift cards are sold in a variety of dollar increments.  (*Id.*, ¶ 17; *see also id.*, ¶ 23 (alleging Plaintiffs purchased $15 and $25 gift cards).)  When a purchaser buys a gift card for a certain dollar amount, that gift card entitles the holder to purchase songs or other media totaling that dollar amount.  (*See, e.g., id.*, ¶¶ 24-25 (Plaintiffs purchased gift cards providing them with "$15 worth" and "$25 worth" of "entertainment").)

Plaintiffs allege that they purchased two $25 gift cards from a Sam's Club store in O'Fallon, Illinois on March 1, 2008 – more than one year prior to the price change – and one $15 gift card from a Walmart store in O'Fallon, Illinois on May 19, 2009.  (*Id.*, ¶ 23.)  Plaintiffs do not allege that they purchased any gift cards from Apple.  Plaintiffs allege that the packaging of their iTunes gift cards contained the following language:  "Download $[ ] worth of entertainment to enjoy on your Mac or Windows PC.  And, of course, your iPod.  Songs are 99¢ and videos start at $1.99."  (*Id.,* ¶ 20.)

Plaintiffs further allege that between April 28, 2003, and April 7, 2009, all iTunes songs cost 99¢, and that the price of "certain songs" was raised to $1.29 on April 7, 2009.  (*Id.*, ¶ 21.)  Plaintiffs contend that the statement on the gift card packaging that "Songs are 99¢" became actionable at the time of the April 2009 price restructuring.  Specifically, Plaintiffs assert that Apple breached a contract with Plaintiffs when it increased the price of "certain songs."  (*Id.*, ¶¶ 38-49.)  Plaintiffs also assert that Apple made misrepresentations or omissions in violation of the CFA.  (*Id.*, ¶¶ 50-58.)  Finally, Plaintiffs assert vague and imprecise allegations regarding supposed violations of unspecified consumer fraud, deceptive trade practices, and merchandising

3

practices statutes of other states. (*Id.*, ¶¶ 59-67.)

## ARGUMENT

Dismissal under Rule 12(b)(6) is required when, even assuming the truth of all well-pleaded factual allegations, the plaintiff fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (U.S. May 18, 2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555.) The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555. The facts must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570. Plaintiffs do not satisfy these minimum pleading requirements.

**I.     PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SUFFICIENT TO SUPPORT THEIR BREACH OF CONTRACT CLAIMS.**

The elements of a claim for breach of contract are: (1) offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages. *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 14, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006) (citing *Village of South Elgin v. Waste Mgmt. of Ill., Inc.*, 348 Ill. App. 3d 929, 940, 284 Ill. Dec. 868, 810 N.E.2d 658, 669 (2004)). Plaintiffs have not pled privity of contract with Apple. Nor have they adequately alleged a breach of definite and certain terms of any contract with Apple, or that they suffered any damage. Accordingly, their breach of contract claims should be dismissed.[3]

---

[3] Plaintiffs assert two claims for breach of contract. The first addresses gift cards purchased before the April 2009 price restructuring, and the second addresses gift cards purchased after the price restructuring. (Compl., ¶¶ 38-49.)

4

### A. Plaintiffs Have No Privity of Contract With Apple.

Most basically, Plaintiffs' breach of contract claims cannot lie because Plaintiffs have not established, and cannot establish, privity of contract with Apple. Without privity, there can be no claim for breach of contract. *Chanin v. Chevrolet Motor Co.*, 89 F.2d 889, 891 (7th Cir. 1937); *Braman v. Woodfield Gardens Assocs.*, 715 F. Supp. 226, 228 (N.D. Ill. 1989).

Plaintiffs do not allege that they purchased any gift cards from Apple. Rather, they allege that they purchased gift cards from two third-party retailers: Sam's Club and Walmart. (Compl., ¶ 23.) Plaintiffs' purchase of a gift card from an independent third-party retailer is not a transaction with Apple. Accordingly, Plaintiffs do not and cannot allege privity of contract with Apple. *See Chanin*, 89 F.2d at 891; *Braman*, 715 F. Supp. at 228. Plaintiffs had no contract with Apple; accordingly, they cannot have a claim for breach of contract against Apple.

### B. Plaintiffs Have Not Pled Breach of Definite and Certain Contract Terms.

The "breach" Plaintiffs allege is that Apple failed to price ***all*** iTunes songs at 99¢ forever. But Plaintiffs allege no contractual language establishing such a price guarantee. Accordingly, Plaintiffs have failed to allege breach of a definite and certain contractual term. The only actual statement by Apple that Plaintiffs point to is "Songs are 99¢." (Compl., ¶ 20.) This is not a definite and certain term requiring Apple to sell ***all*** songs for 99¢ ***forever***.[4] The statement "Songs are 99¢" does not say ***all*** songs will be sold for 99¢, nor does it say anything about the duration of such pricing.[5] As such, it cannot be interpreted as an agreement to sell all iTunes songs for 99¢ in perpetuity.

---

[4] For the same reason, Plaintiffs have failed to allege another element of a breach of contract claim: an offer by Apple.

[5] In fact, Apple stopped shipping gift cards bearing statements about pricing long before the price restructuring in April 2009. Should this case proceed to summary judgment, Apple will produce evidence demonstrating that Apple last shipped gift cards bearing the language at issue to Sam's Club

5

At most, "Songs are 99¢" is a statement that *some* songs will be sold for 99¢, and Plaintiffs admit that songs are, in fact, sold for that price. (*See* Compl., ¶ 21 (alleging only that Apple "raised the price to purchase certain songs" to $1.29).) Nor do Plaintiffs dispute that they could have readily spent the entire value of their iTunes gift cards on 99¢ songs. Thus, even if the statement "Songs are 99¢" could create a contract with Plaintiffs, Plaintiffs' allegations make clear that contract was not breached.

### C. Plaintiffs Have Suffered No Damage.

Actual damages are required for a breach of contract action. *See, e.g., Walker v. Ridgeview Constr. Co., Inc.*, 316 Ill. App. 3d 592, 596, 736 N.E.2d 1184, 1187 (Ill. App. Ct. 2000) (directed verdict proper where party failed to present evidence of damages); *Doe v. Northwestern Univ.*, 289 Ill. App. 3d 39, 50, 682 N.E.2d 145, 153 (Ill. App. Ct. 1997) (affirming dismissal of breach of contract claim where plaintiff's alleged damages were not compensable). Plaintiffs do not and cannot meet this requirement because Plaintiffs received the benefit of their bargain.

First, Plaintiffs admit that gift cards are merely an alternative means of payment at the iTunes store. (Compl., ¶ 17.) The cards entitled Plaintiffs to "download $[15 or 25] worth of entertainment." (*Id*., ¶¶ 24-25.) Any price restructuring did not affect this – Plaintiffs have always had, and still have, the ability to buy "$[15 or 25] worth of entertainment." If iTunes gift cards had been intended to provide for the purchase of a set number of songs, they would have done so. They did not. The gift cards are not like prepaid phone cards that entitle the purchaser to a specified number of minutes. Apple's gift cards provide a certain dollar amount's worth of songs, and the price restructuring did not change that amount. Plaintiffs prepaid for "$[15 or 25] worth of entertainment" and that is what they got. They would have been in exactly the same

---

and Walmart, where Plaintiffs allegedly purchased their gift cards, *in 2007*.

position if they had charged $15 or $25 to their credit card, or if, on their last birthday, someone had given them $15 or $25 in cash to buy songs on iTunes.

Second, even if the gift card had entitled Plaintiffs to buy $15 or $25 of songs on iTunes for 99¢ each, ***they were still able to do so after the price restructuring***. Plaintiffs themselves acknowledge that only the price of "certain songs" available for purchase from the iTunes store was raised to $1.29 in April 2009. (Compl., ¶ 21.) Indeed, as noted above, 99% of the songs available at the iTunes store are still priced at 99¢ today. Plaintiffs got what they paid for; they did not sustain any damages. For this reason as well, Plaintiffs' breach of contract claims should be dismissed.

## II.  PLAINTIFFS' CONSUMER FRAUD ACT CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs' CFA claim is similarly flawed. The CFA prohibits the "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." 815 Ill. Comp. Stat. 505/2. A claim under the CFA requires specific facts that show: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff; (5) proximately caused by the deception. *See Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151, 160 (Ill. 2002); *Zekman v. Direct American Marketers*, 182 Ill. 2d 359, 374, 695 N.E.2d 853 (Ill. 1998). Where a CFA claim is based on misrepresentations or omissions of facts, those facts must be material. *Ryan v. Wersi Elec. GmbH,* 59 F.3d 52, 54 (7th Cir. 1995).

Critically, where, as here, a plaintiff's CFA claim is based on deceptive practices, and thus sounds in fraud, the plaintiff must plead the claim with the particularity required by

7

Rule 9(b) of the Federal Rules of Civil Procedure. *See Cima v. Wellpoint Healthcare Networks, Inc.,* No. 05-CV-4127-JPG, 2006 WL 1914107 *15 (S.D. Ill. Jul. 11, 2006); *Harris v. River View Ford, Inc.,* No. 00 C 8129, 2001 WL 1191188, at *3-4 (N.D. Ill. Oct. 3, 2001). Plaintiffs do not meet the requirements of either the CFA or Federal Rule 9(b) for pleading deceptive conduct, intent, proximate cause or damage. Each of these failures is a separate and independent ground for dismissal.

### A. Apple Did Not Engage in a Deceptive Act or Practice.

In order to state a claim under the CFA, a plaintiff must first plead facts demonstrating a deceptive act by the defendant. 815 Ill. Comp. Stat. 505/2; *Perona v. Volkswagen of Am., Inc.*, 292 Ill. App. 3d 59, 65, 684 N.E.2d 859 (Ill. App. Ct. 1997). Moreover, to satisfy Rule 9(b), Plaintiffs must plead the "who, what, when, where, and how" of their claim. *Harris,* 2001 WL 1191188, at *3-4. Plaintiffs have not met either of these standards.

Plaintiffs contend the statement on the gift card packaging that "Songs are 99¢" is misleading, but they do not plead that there are no iTunes songs which are 99¢, or even that a significant percentage of songs costs more than 99¢. Nor can they: ***all*** songs were 99¢ before the April 2009 price restructuring, and the vast majority (99%) of iTunes songs are still sold at that price. Plaintiffs themselves acknowledge this. (*See* Compl., ¶ 21 (alleging only that "certain" songs cost more than 99¢).) Thus, Plaintiffs' own allegations establish that the allegedly misleading language on which they base their claim is ***true***, not false.

Nor do Plaintiffs otherwise meet the requirement that they plead the "who, what, when, where, and how" of their claim. As noted, "Songs are 99¢" is not a misrepresentation. Beyond that true statement, Plaintiffs allege ***no*** conduct by Apple. They allege that they bought their gift cards from third-party retailers; they do not allege that Apple did anything in connection with their purchases. Critically, even with respect to the "Songs are 99¢" representation, Plaintiffs do

not allege "when" the representation was made by Apple. In fact, Apple stopped shipping gift cards bearing statements about pricing long before the price restructuring in April 2009.[6]

Plaintiffs have failed to meet the requirements of Rule 9(b) and have failed to sufficiently plead facts demonstrating a deceptive act by Apple. Accordingly, their CFA claim should be dismissed.

### B. Plaintiffs Have Not Sufficiently Pled Materiality.

Plaintiffs have failed to sufficiently plead materiality. Where a CFA claim is based on misrepresentations or omissions, the misrepresentation or omission must relate to a material fact, *i.e.*, the misrepresented fact must be ***essential*** to the transaction between the parties. *Ryan*, 59 F.3d at 54. Further, under *Iqbal* and *Twombly*, Plaintiffs must plead ***facts*** demonstrating materiality, and cannot rely on mere labels and formulaic recitations. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555, 579. Plaintiffs must also meet the heightened pleading standard of Rule 9(b) because their CFA claim sounds in fraud.

Plaintiffs fail to satisfy this strict pleading burden. All Plaintiffs offer is a conclusory allegation that it was material that the "true cost to purchase and download certain songs from [Apple's] iTunes store was $1.29." Plaintiffs, however, fail to allege ***how*** or ***why*** a 30¢ price increase only on "certain songs" (*i.e.*, less than 1% of the millions of songs available on iTunes) was material to their purchase of gift cards, much less to allege this with the particularity required by Rule 9(b).

### C. Plaintiffs Have Not Sufficiently Pled Intent.

Plaintiffs also fail to sufficiently plead intent. A plaintiff asserting a claim under the CFA must plead facts demonstrating the defendant's intent that the plaintiff rely on the deceptive act.

---

[6] See footnote 5, *supra*.

9

815 Ill. Comp. Stat. 505/2; *Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 689, 862 N.E.2d 1091 (Ill. App. Ct. 2007) ("Moreover, a plaintiff must establish that defendants intended that [plaintiffs] rely on the [misrepresentation] in making their choice to buy.").

Plaintiffs cannot rely on mere labels and formulaic recitations to plead intent. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555, 579. But a formulaic recitation of intent, without a single supporting factual allegation, is precisely what Plaintiffs offer here. Their sole allegation regarding intent is that Apple "intended that Plaintiffs and the members of the putative sub-class would rely upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiffs and the members of the putative sub-class would purchase 99¢ iTunes Cards." (Compl., ¶ 57.) This allegation is wholly conclusory, and fails to meet Plaintiffs' pleading burden. It does not even begin to suggest how Apple could have had fraudulent intent based upon gift cards sold over one year *before* any price increase.

### D. Plaintiffs Have Not Suffered Actual Damages.

A private plaintiff who brings an action under the CFA must suffer actual damages. 815 Ill. Comp. Stat. 505/10a(a); *Avery v. State Farm Mut. Ins. Co.,* 216 Ill. 2d 100, 195, 835 N.E.2d 801, 858 (Ill. 2005). For the reasons set forth in section I.C above, Plaintiffs have not suffered such damages.

### E. Plaintiffs Cannot Demonstrate Proximate Causation.

Finally, Plaintiffs have failed to plead facts sufficient to establish proximate cause. A private plaintiff making a claim under the CFA must show that actual damage occurred "as a result of" the defendant's deceptive act. 815 Ill. Comp. Stat. 505/10a(a); *Zekman*, 182 Ill. 2d at 374, 695 N.E.2d 853 (explaining that CFA requires proximate causation); *Oliveira*, 201 Ill. 2d at 155, 776 N.E.2d 151 at 164. Under the CFA, a plaintiff must prove that he or she saw or heard the alleged misrepresentation and was actually deceived by it in order to establish the element of

proximate causation. *Oliveira*, 201 Ill. 2d at 154-155, 776 N.E.2d at 163 (affirming dismissal of CFA claim because plaintiff did not see or hear the alleged misrepresentation and thus could not be deceived by it); *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 630-31, 888 N.E.2d 1190, 1199 (Ill. App. Ct. 2008) (granting summary judgment where party failed to show that she would have purchased the product absent the allegedly improper inducement).

Here, Plaintiffs do not come close to adequately pleading the element of proximate causation. First, Plaintiffs do not even allege that they saw or read the statement "Songs are 99¢" before purchasing their gift cards, which is fatal to their CFA claim. *See Oliveira*, 201 Ill. 2d at 154-155, 776 N.E.2d at 163. Second, Plaintiffs do not allege that they were deceived by the statement "Songs are 99¢," *i.e.*, they do not allege that they believed that the statement "Songs are 99¢" was a guarantee that songs on iTunes would be 99¢ each forever. Plaintiffs' failure to plead actual deception is likewise fatal to their CFA claim. *Id*. Third, Plaintiffs fail to allege that it was the statement "Songs are 99¢" that induced them to purchase the iTunes gift cards. *See Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 525, 805 N.E.2d 849 (2004) (holding no proximate causation where alleged misrepresentation did not induce purchase). Moreover, to the extent that Plaintiffs purchased songs for $1.29 rather than 99¢, that was a choice ***they made*** – not something Apple made them do. Plaintiffs could have used the full value of their gift cards to buy their choice of millions of songs available on iTunes priced at 99¢ each. For each of these reasons, Plaintiffs fail to satisfy the required element of proximate cause, and their CFA claim fails.

### III. PLAINTIFFS HAVE FAILED TO PLEAD FACTS ESTABLISHING THAT THE LAWS OF OTHER STATES APPLY TO THEIR CLAIMS.

Plaintiffs' fourth cause of action also must be dismissed. It sets forth vague allegations regarding supposed violations of unspecified consumer protection laws of states other than

11

Illinois. (Compl., ¶ 61.) But Plaintiffs do not allege any facts demonstrating how these unspecified consumer protection laws can apply extraterritorially to their personal claims, or that there is any connection between their personal claims and any state other than Illinois. To the contrary, Plaintiffs' complaint makes clear that their claims have no connection to any other state – they allege that they are Illinois residents who purchased their iTunes gift cards from retailers in O'Fallon, Illinois. (*Id.*, ¶ 23.) Plaintiffs have no standing to seek to prosecute claims under the statutory laws of other states where they do not reside, and which have no connection to the transactions of which they complain. *See, e.g., Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754-MJP, 2009 WL 596585, at *9 (W.D. Wash. March 9, 2009) (holding plaintiffs had no standing to bring claims under consumer protection laws of states other than where they resided, court dismissed claims that were based on "the consumer protection laws in 35 states and the District of Columbia"). Accordingly, Plaintiffs' fourth cause of action should be dismissed.

## CONCLUSION

Plaintiffs should not be permitted to use a simple, true statement indicating that "Songs are 99¢" as the basis for a purported nationwide class action by treating that statement as if it is a perpetual guarantee of price. As Plaintiffs concede in their complaint, only "certain" iTunes songs cost more than 99¢, *i.e.,* most songs "*are* 99¢." For the reasons set forth, Apple respectfully requests that the Court grant its motion to dismiss with prejudice each of Plaintiffs' causes of action.

Respectfully submitted,

**THOMPSON COBURN LLP**

/s/ John W. Rogers
Kathy A. Wisniewski – Lead Counsel
kwisniewski@thompsoncoburn.com
John W. Rogers
jrogers@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (facsimile)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 27th day of August, 2009, Defendant Apple Inc.'s Brief in Support of its Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ John W. Rogers