### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL E. OWENS, BARBARA S. OWENS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO.  3:09-cv-00479-MJR-DGW<br>)<br>)<br>)<br>) |

### DEFENDANT APPLE INC.'S REPLY BRIEF
### IN SUPPORT OF ITS MOTION TO DISMISS

This case is brought by individuals who purchased gift cards, and then used those gift cards for their full value. Plaintiffs purchased $15 and $25 iTunes gift cards, and Plaintiffs used their cards to purchase $15 and $25 worth of entertainment from iTunes. Plaintiffs oppose dismissal essentially on the theory that they should have been able to buy "more" for the $15/$25 they spent, but there is neither a legal nor a factual basis for their theory. Plaintiffs' opposition unsuccessfully seeks to disguise their failure to satisfy the basic requirements for pleading their breach of contract and consumer fraud claims.

### ARGUMENT

**I.    THERE IS NO BREACH OF CONTRACT HERE.**

    **A.    Plaintiffs Have No Privity of Contract With Apple.**

In arguing that they can meet the privity requirement for a breach of contract claim, Plaintiffs focus on the wrong transaction. The transaction at issue here is Plaintiffs' purchase of the gift cards from third-party retailers. That is the point where money changed hands. It is not the subsequent — and irrelevant — download of songs from Apple at the iTunes store. Apple was not a party to the gift card purchases. Rather, as Plaintiffs themselves state in their

Opposition, Apple is merely a "service provider," the entity that honors the gift card, once it has been purchased from Sam's Club or Walmart (or whomever). (*See* Opposition at 5, fn 3.) There is no privity of contract with Apple for Plaintiffs' gift card purchases. Without privity, there is no contract and, thus, there can be no breach.

### B. "Songs are 99¢" is Not a Perpetual Price Guarantee for All Songs.

The statement "Songs are 99¢" does not create a contractual obligation by Apple to make all songs available for 99¢ in perpetuity. The cards contain no statements regarding the duration of pricing. More language than "Songs are 99¢" would be required to create a "definite and certain" agreement to lock in Plaintiffs' pricing forever.

#### 1. There is No Breach of Contract On the <u>Pre</u>-April 2009 Gift Card Purchases.

Plaintiffs' claim that their March 2008 gift card purchases entitle them to purchase all songs on iTunes for 99¢ for all time is baseless. That is not what the card said. The statement "Songs are 99¢" was true for all iTunes songs at the time of Plaintiffs' March 2008 gift card purchases and it remained true for every iTunes song *for 13 months thereafter*.[1] Apple's April 2009 iTunes price restructuring — which increased the price of only "certain" songs by 30¢ (and decreased the price of others) — was not a breach of any contract. That Plaintiffs chose to wait more than a year after buying their gift cards, until a few prices went up, to download songs was their own choice. Like any holder of a gift certificate, Plaintiffs, by waiting, ran the risk that song prices (like other prices) would increase. This does not amount to a breach of contract. Plaintiffs' breach of contract claim on the pre-April 2009 purchases should be dismissed with prejudice.

---

[1] Plaintiffs' opposition relies on the statement that "videos start at $1.99." But this statement about the ***current*** pricing of videos says nothing about the ***future*** pricing of songs.

### 2. There is No Breach of Contract On the <u>Post</u>-April 2009 Gift Card Purchases.

Plaintiffs' breach of contract claim based on their May 2009 gift card purchase from Walmart is also meritless. The statement "Songs are 99¢" is not a guarantee that every song is 99¢, and the reality is that the overwhelming majority of songs were and still are 99¢. Even if there had been a contractual undertaking that "Songs are 99¢," pricing less than one percent (1%) of songs below and above that amount would not be a material breach.

Moreover, Plaintiffs, long time iTunes users, do not allege that they were unaware of the price restructuring at the time they purchased their post-April 2009 gift card. And, since the price restructuring was the subject of an Apple press release and widespread publicity months earlier, pleading such facts is essential.[2]

### C. No One Was Injured.

Plaintiffs got exactly what they bargained for. They purchased gift cards for $15 and $25, good for "[$15 or $25] worth of entertainment," and that is what they got. Plaintiffs sustained no damages.

## II. THERE IS NO CFA VIOLATION.

There was no deception here. As discussed above, ***all*** songs were 99¢ before the April 2009 price restructuring, and the overwhelming majority of iTunes songs are ***still*** sold at that price. "Songs are 99¢" is a ***true*** statement, not a false one.

Moreover, the pricing of a handful of songs at a price other than 99¢ does not create a material misrepresentation with respect to the purchase *of the gift card*. Plaintiffs' authorities hold that the price of the good purchased is material to the purchase transaction. But Plaintiffs'

---

[2] Apple stopped shipping gift cards bearing statements about pricing long before the price restructuring in April 2009. Should this case proceed to summary judgment, Apple will produce evidence demonstrating that it last shipped gift cards bearing the 99¢ language to Walmart in 2007.

complaint is not about the pricing of the gift card; it is about the pricing of a trivial fraction of the songs that were later available for download.

Plaintiffs also fail to allege, presumably because they cannot, that they: (1) saw the statement "Songs are 99¢" before making their gift card purchases; (2) actually believed that the statement promised that all songs were, and always would be, priced at 99¢; and (3) would not have bought the cards *but for* the alleged price guarantee. The excerpt of the complaint reproduced on page 13 of Plaintiffs' Opposition does not, as Plaintiffs claim, contain any of these required allegations. Absent those allegations, the requisite proximate cause element is absent and the CFA claim fails. *See Oliveira*, 201 Ill. 2d at 154-155, 776 N.E.2d at 163 (Ill. 2002); *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 525, 805 N.E.2d 849 (2004).

Finally, it is simply not plausible that Plaintiffs would not have purchased their $15 and $25 gift cards if they had known that the price of less than 1% of songs would increase by 30¢ per song. For this reason as well, Plaintiffs cannot establish proximate cause.

### III. PLAINTIFFS HAVE NO STANDING ON THEIR ILL-DEFINED FOURTH CAUSE OF ACTION.

In their opposition, Plaintiffs concede that they lack standing to bring a claim for violations of the consumer protection laws of states other than Illinois. Plaintiffs argue that unnamed members of the putative class will have such standing and ask that the question of standing be deferred until class certification. But the law is clear that Plaintiffs may not expand their standing by bringing a class action. "If plaintiffs lack the requisite stake in a controversy at the time the complaint is filed, they may not bootstrap that element into their claim by means of class action certification." *Weit v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 641 F.2d 457, 469 (7th Cir. 1981). Plaintiffs' out-of-state consumer protection act claims "do little more than 'name the preserve on which [Plaintiffs] intend [ ] to hunt.'" *Cornelius v. Fidelity*

4

*Nat'l Title Co.*, No. C08-754-MJP, 2009 WL 596585, at *9 (W.D. Wash. March 9, 2009) (citation omitted). As *Cornelius* held, this is not sufficient to confer standing. Plaintiffs' fourth cause of action must be dismissed.

## CONCLUSION

For these reasons and those set forth in Apple's opening brief, Plaintiffs' complaint should be dismissed with prejudice.

Respectfully submitted,

**THOMPSON COBURN LLP**

    s/ John W. Rogers
Kathy A. Wisniewski – Lead Counsel
kwisniewski@thompsoncoburn.com
John W. Rogers
jrogers@thompsoncoburn.com
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (facsimile)

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this 13th day of October, 2009, Defendant Apple Inc.'s Reply Brief in Support of its Motion to Dismiss was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

              _____s/ John W. Rogers_____