# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| DANIEL E. OWENS and BARBARA S. OWENS, individually and on behalf of all others similarly situated, | Case No: 3:09-cv-00479-MJR-DGW |
| Plaintiffs, | Division: |
| v. | **JURY TRIAL DEMANDED** |
| APPLE, INC. | |
| Defendant. | |

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is a national class action brought on behalf of Plaintiffs Daniel E. Owens and Barbara S. Owens, individually and on behalf of all others similarly situated, to recover economic damages incurred as a result of wrongful, illegal, improper and fraudulent acts committed by Defendant Apple, Inc. in connection with its marketing, distribution, and sale of iTunes gift cards and songs through its iTunes internet website.

2. At all pertinent times, Defendant has marketed, distributed and sold iTunes gift cards, which are used by consumers to purchase individual songs from Defendant's iTunes internet website.

3. At all pertinent times, Defendant's iTunes gift cards represented that consumers could use the gift cards to purchase songs from Defendant's iTunes internet website at a price of $0.99 per song.

4.      At all pertinent times, in conjunction with the sale of iTunes gift cards, Defendant knowingly and fraudulently misrepresented, concealed, omitted, and/or suppressed the cost to purchase individual songs from its iTunes internet website. As a result, Plaintiffs and members of the putative class have suffered economic harm in that they have paid monies for a product that was worth less than what was represented and/or they have been denied the benefit of their bargain to purchase any song from Defendant's iTunes Store for $0.99.

## PARTIES

5.      Plaintiffs Daniel E. Owens and Barbara S. Owens are domiciled in and citizens of the State of Illinois

6.      Plaintiffs are husband and wife and members of the same household.

7.      Defendant is a California corporation with its principal place of business in Cupertino, California.

8.      At all pertinent times, Defendant marketed, distributed and sold iTunes gift cards and sold songs for individual purchase from the iTunes internet website it owns and operates.

## JURISDICTION

9.      This Court has subject matter jurisdiction over this action pursuant to the diversity jurisdiction provisions of the Class Action Fairness Act, 28 U.S.C. § 1332, as it is brought as a class action in which the amount in controversy exceeds the sum of $5 million in the aggregate, exclusive of interest and cost, and at least one member of the putative class is a citizen of a different State than Defendant.

10.     This Court has personal jurisdiction over Defendant pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209, and the United States Constitution as (i) business transactions

and tortuous conduct at issue occurred within the State of Illinois, (ii) Defendant is and has at all pertinent times conducted continuous and systematic business within the State of Illinois, and (iii) Defendant has purposefully and knowingly injected iTunes gift cards in to the stream of commerce with the intent that they be bought and sold within the State of Illinois.

11.   Venue is proper in this Court as transactions at issue took place within this District.

## FACTUAL ALLEGATIONS

12.   At all pertinent times, Defendant has owned, operated and marketed an online store commonly known as the iTunes Music Store and/or the iTunes Store (hereinafter, "iTunes Store").

13.   Defendant's iTunes Store sells individual songs in digital format, which customers can purchase and then download to a computer and/or other device.

14.   Defendant first began selling consumers individual songs in digital format through the iTunes Store on or about April 28, 2003.

15.   Since its inception, Defendant's iTunes Store has sold more than five billion songs.

16.   At all pertinent times, customers paid Defendant for songs purchased from the iTunes Store by using a credit card, debit card or an iTunes gift card.

17.   At all pertinent times, Defendant has advertised, sold and distributed iTunes gift cards as a means of allowing consumers to make an online payment for purchases from the iTunes Store without having to use a credit card or debit card. The gift cards were and are available for sale in a variety of dollar increments, with the purchase price of the gift card being applied as credits to the cardholder's individual iTunes account. The cardholder could and can

then use the credits to select items for purchase and download from the iTunes Store, and the cost of each downloaded item would be and is deducted from the cardholder's balance of credits.

18. At all pertinent times, Defendant has sold iTunes gift cards to consumers both directly and indirectly through retailers such as Target, Wal-Mart, Best Buy, Walgreens and others. iTunes gift cards were sold to consumers throughout the United States and its territories.

19. From April 28, 2003 until April 7, 2009, Defendant charged customers of its iTunes Store a price of $0.99 for each song purchased. The $0.99 price applied to any song available for purchase and download from Defendant's iTunes Store.

20. At all pertinent times, Defendant has advertised, marketed and represented to purchasers of iTunes gift cards that the gift cards could be used to purchase individual songs from the iTunes Store at a price of $0.99 per song. The packaging of such gift cards states, "Download $[ ] worth of entertainment to enjoy on your Mac or Windows PC. And, of course, your iPod. **Songs are 99¢** and videos start at $1.99." (emphasis added) (hereinafter, iTunes gift cards containing such language, or any other similar language expressly stating that iTunes songs are $0.99, are hereinafter referred to as  "99¢ iTunes Cards" or a "99¢ iTunes Card").

21. On or about April 7, 2009, Defendant raised the price to purchase certain songs from its iTunes Store from $0.99 to $1.29 (hereinafter, "the April 7, 2009 price increase").

22. Following the April 7, 2009 price increase, Defendant continued to advertise, market and sell 99¢ iTunes Cards.

23. Since they first became available, Plaintiffs have purchased numerous 99¢ iTunes Cards, including, but not limited to the purchase of two $25 cards on March 1, 2008 from a Sam's Club store in O'Fallon, Illinois and the purchase of a $15 card on May 19, 2009 from a

4

Wal-Mart Store in O'Fallon, Illinois. All such 99¢ iTunes cards were used by Plaintiffs' household to download individual songs from Defendant's iTunes Store.

24.  The above-mentioned 99¢ iTunes cards that were purchased on March 1, 2008 from a Sam's Club in O'Fallon, Illinois both state: "Download $25 worth of entertainment to enjoy your Mac or Windows PC. And, of course, your iPod. Songs are 99¢ and videos start at $1.99."

25.  The above-mentioned 99¢ iTunes card purchased on May 19, 2009 at a Wal-Mart in O'Fallon, Illinois states: "Download $15 worth of entertainment to enjoy your Mac or Windows PC. And, of course, your iPod. Songs are 99¢ and videos start at $1.99."

26.  Since the inception of the April 7, 2009 price increase, Defendant has charged all customers of its iTunes Store, including persons, such as Plaintiffs, who have purchased iTunes gift cards that represented that iTunes Store songs only cost $0.99 apiece, $1.29 to purchase certain songs. Since April 7, 2009, any holder of a 99¢ iTunes Card who has downloaded a song to which the price increase applied has had $1.29 deducted from his account and/or credit balance, as opposed to only $0.99.

27.  Since April 7, 2009, Plaintiffs and/or members of their household have used 99¢ iTunes Cards, including the above-mentioned cards that were purchased on March 1, 2008 and May 19, 2009, to purchase songs for which they were charged $1.29.

**CLASS ACTION ALLEGATIONS**

28.  Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves individually and the following class of persons: All persons and legal entities residing in the United States and its territories that have purchased an iTunes

5

gift card containing a representation that iTunes songs can be downloaded for $0.99 and have used the gift card to download a song for which they have been charged $1.29.

29. Excluded from the Class are Defendant, including any parent, subsidiary, affiliates, or controlled person of Defendant; Defendant's officers, directors, agents or employees; the judicial officers assigned to this litigation and the members of their staff and immediate family; and any legal representative, successor, or assign of any excluded persons or entities.

30. The proposed class meets all requirements for class certification. The class satisfies the numerosity standards. The class is believed to number in excess of one hundred thousand individuals. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action by published and broadcast notice, mail, e-mail, and notice on Defendant's web-site(s).

31. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

> (a) When Defendant decided to raise the price to purchase certain songs from its iTunes Store from $0.99 to $1.29;
>
> (b) Whether Defendant agreed to sell purchasers of 99¢ iTunes cards any song from its iTunes Store for $0.99;
>
> (c) Whether Defendant misrepresented, concealed, omitted, and/or suppressed the true cost of purchasing songs from its iTunes Store from purchasers of 99¢ iTunes Cards;

    (d)    Whether Defendant has breached contacts entered into with purchasers of 99¢ iTunes Cards to sell them any song from its iTunes Store for $0.99;

    (e)    Whether Defendant has violated the Illinois Consumer Fraud and Deceptive Business Practices Act; and

    (f)    Whether Defendant has violated any applicable consumer fraud of the other 49 United States and its territories.

32. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

33. The class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the class members to protect their interests.

34. The Plaintiffs are adequate representatives of the class because they are members of the class, and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and his undersigned counsel, who have extensive experience prosecuting complex class action litigation.

35. Plaintiffs, on behalf of themselves and the putative class, seek a $0.30 refund for any song that has been purchased for $1.29 while using a 99¢ iTunes gift card. Upon information and belief, this will amount to more than $5 million.

36. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the Courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

37. Notice can easily be provided to class members through a number of means as all class members can be identified from records and transaction reports Defendant maintains for any and all users of its iTunes Store.

## COUNT I
## BREACH OF CONTRACT – PRE-APRIL 7, 2009 99¢ iTUNES CARD PURCHASES

38. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

39. This Count is brought on behalf of a sub-class consisting of those persons and legal entities residing in the United States and its territories that purchased a 99¢ iTunes Card before April 7, 2009, and have since been charged $1.29 to purchase a song from Defendant's iTunes Store. It is believed the sub-class numbers in the tens of thousands of individuals.

40. At all pertinent times before April 7, 2009, Defendant offered Plaintiffs and the members of the putative sub-class the opportunity to purchase any song from its iTunes store at the price of $0.99 a song if they would purchase a 99¢ iTunes Card.

41. At all pertinent times before April 7, 2009, Plaintiffs and the members of the putative sub-class accepted the offer mentioned in the preceding paragraph by purchasing 99¢ iTunes Cards (hereinafter, the "pre-April 7 Agreements").

42.     Since April 7, 2009, Plaintiffs and the members of the putative sub-class have attempted to use their 99¢ iTunes Cards to purchase songs from Defendant's iTunes Store at a price of $0.99 a song, but Defendant has charged Plaintiffs and the members of the putative sub-class $1.29 to purchase certain songs.

43.     Since April 7, 2009, Defendant has refused to honor the pre-April 7 Agreements and Defendant has failed and/or refused to offer Plaintiffs and the members of the putative sub-class a refund for difference between the $0.99 price per song price called for by the pre-April 7 Agreements and the $1.29 per song price Plaintiffs and the members of the putative sub-class have since been charged to purchase certain songs.

WHEREFORE, Plaintiffs, individually and on behalf of the sub-class, pray:

    a.  For a determination that this is action is a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs are appropriate class representatives;

    b.  For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

    c.  For economic damages in the form of a $0.30 refund for each song that Plaintiffs and the members of the putative sub-class have purchased using an 99¢ iTunes card for which Defendant has charged them $1.29;

    d.  For reasonable attorneys fees, interest and costs to the maximum extent allowed by law;

    e.  For such additional relief as is just and proper under all of the circumstances.

## COUNT II
## BREACH OF CONTRACT – ON OR AFTER APRIL 7, 2009
## 99¢ iTUNES CARD PURCHASES

44. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

45. This Count is brought on behalf of a sub-class consisting of those persons and legal entities residing in the United States and its territories that purchased a 99¢ iTunes Card on or after April 7, 2009, and have since been charged $1.29 to purchase a song from Defendant's iTunes Store. It is believed the sub-class numbers in the tens of thousands of individuals.

46. At all pertinent times from April 7, 2009 to the present, Defendant offered Plaintiffs and the members of the putative sub-class the opportunity to purchase any song from its iTunes store at the price of $0.99 a song if they would purchase a 99¢ iTunes Card.

47. At all pertinent times from April 7, 2009 to the present, Plaintiffs and the members of the putative sub-class accepted the offer mentioned in the preceding paragraph by purchasing 99¢ iTunes Cards (hereinafter, the "April 7 to present Agreements").

48. Since April 7, 2009, Plaintiffs and the members of the putative sub-class have attempted to use their 99¢ iTunes Cards to purchase songs from Defendant's iTunes Store at a price of $0.99 a song, but Defendant has charged Plaintiffs and the members of the putative sub-class $1.29 to purchase certain songs.

49. Since April 7, 2009, Defendant has refused to honor the April 7 to present Agreements and Defendant has failed and/or refused to offer Plaintiffs and the members of the putative sub-class a refund for difference between the $0.99 price per song price called for by the April 7 to present Agreements and the $1.29 per song price Plaintiffs and the members of the putative sub-class have since been charged to purchase certain songs.

WHEREFORE, Plaintiffs, individually and on behalf of the sub-class, pray:

    a.    For a determination that this is action is a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs are appropriate class representatives;

    b.    For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

    c.    For economic damages in the form of a $0.30 refund for each song that Plaintiffs and the members of the putative sub-class have purchased using an 99¢ iTunes card for which Defendant has charged them $1.29;

    d.    For reasonable attorneys fees, interest and costs to the maximum extent allowed by law;

    e.    For such additional relief as is just and proper under all of the circumstances.

## COUNT III
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

50.    Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

51.    This Count is brought on behalf of a sub-class consisting of those members of the class who are citizens of the State of Illinois and who purchased 99¢ iTunes Cards for their personal or household use between April 7, 2009, or the earliest date Defendant knew it would be raising the price for certain songs, and the present and who have used these cards to purchase songs for $1.29.  It is believed that this sub-class numbers in the tens of thousands of people.

52. This Count is brought pursuant to the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

53. At all relevant times, 99¢ iTunes Cards have been available for purchase by consumers throughout the State of Illinois.

54. At all relevant times, Defendants have been engaged in advertising, offering for sale, selling and/or distributing 99¢ iTunes Cards directly or indirectly to the residents of the State of Illinois.

55. Plaintiffs and the members of the sub-class have purchased 99¢ iTunes Cards for their own personal and/or household use.

56. Plaintiffs and the members of sub-class have used 99¢ iTunes Cards to purchase individual songs from Defendant for which they were charged $1.29.

57. At all relevant times, Defendant, in connection with its advertisements, offers for sale, sales and distribution of the aforementioned 99¢ iTunes Cards, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that the true cost to purchase and download certain songs from its iTunes Store was $1.29.  Defendant intended that Plaintiffs and the members of the putative sub-class would rely upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiffs and the members of the putative sub-class would purchase 99¢ iTunes Cards.

58. As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiffs and the members of the sub-class have suffered economic damage; Plaintiffs and members of the putative sub-class have purchased a product that was and is worth less than they were led to believe as Defendant

charged Plaintiffs and the members of the putative sub-class $0.30 more to download certain songs than Defendant represented it would at the time the 99¢ iTunes Cards were purchased.

WHEREFORE, Plaintiffs, individually and on behalf of the sub-class, pray:

a. For a determination that this is action is a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs are appropriate class representatives;

b. For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c. For economic damages in the form of a $0.30 refund for each song that Plaintiffs and the members of the putative sub-class have purchased using an 99¢ iTunes card for which Defendant has charged them $1.29;

d. For reasonable attorneys fees, interest and costs to the maximum extent allowed by law;

e. For such additional relief as is just and proper under all of the circumstances.

## COUNT IV
## VIOLATION OF CONSUMER PROTECTION STATUTES

59. Plaintiffs incorporates by reference each of the preceding paragraphs as if fully set forth herein.

60. This Count is brought on behalf of a sub-class consisting of those members of the class who are residents of the United States and its territories, and who purchased 99¢ iTunes Cards for their personal or household use between April 7, 2009, or the earliest date Defendant knew it would be raising the price for certain songs, and the present and who have used these

cards to purchase songs for $1.29. It is believed that this sub-class numbers in the tens of thousands of people

60. Each State and the District of Columbia have enacted statutes to protect their citizens from deceptive, fraudulent and unconscionable trade and business practices.

61. This Count is brought pursuant to the provisions of all applicable State and territorial Consumer Fraud and/or Deceptive Trade Practices and/or Merchandising Practices Statutes.

62. At all relevant times, 99¢ iTunes Cards have been available for purchase by consumers throughout the whole United States and its territories.

63. At all relevant times, Defendants have been engaged in advertising, offering for sale, selling and/or distributing 99¢ iTunes Cards directly or indirectly to the residents of the United States and its territories.

64. Plaintiffs and the members of the putative sub-class have purchased 99¢ iTunes Cards for their own personal and/or household use.

65. Plaintiffs and the members of putative sub-class have used 99¢ iTunes Cards to purchase individual songs from Defendant for which they were charged $1.29.

66. At all relevant times, Defendant, in connection with its advertisements, offers for sale, sales and distribution of the aforementioned 99¢ iTunes Cards, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that the true cost to purchase and download certain songs from its iTunes Store was $1.29. Defendant intended that Plaintiffs and the members of the putative class would rely upon its misrepresentations, concealments, omissions and/or suppressions so that Plaintiffs and the members of the putative sub-class would purchase 99¢ iTunes Cards.

67. As a direct and proximate result of the aforesaid violations of the applicable Consumer Fraud and/or Deceptive Business Practices and/or Merchandising Practices Acts, Plaintiffs and the members of the putative sub-class have suffered economic damage amounting to more than $5 million in the aggregate, exclusive of interest and costs; Plaintiffs and members of the putative sub-class have purchased a product that was and is worth less than they were led to believe as Defendant charged Plaintiffs and the members of the putative sub-class $0.30 more to download certain songs than Defendant represented it would at the time the 99¢ iTunes Cards were purchased.

WHEREFORE, Plaintiffs, individually and on behalf of the sub-class, prays:

a. For a determination that this is action is a proper class action maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs are appropriate class representatives;

b. For an appointment of the undersigned attorneys as class counsel for the purpose of pursuing such class action;

c. For economic damages in the form of a $0.30 refund for each song that Plaintiffs and the members of the putative sub-class have purchased using an 99¢ iTunes card for which Defendant has charged them $1.29;

d. For reasonable attorneys fees, interest and costs to the maximum extent allowed by law;

e. For such additional relief as is just and proper under all of the circumstances.

Dated: December 18, 2009

        Respectfully submitted,

        **ONDER, SHELTON, O'LEARY & PETERSON, LLC**

By:   /s/ Michael S. Kruse_____
      James G. Onder
      Michael S. Kruse
      Mark R. Niemeyer
      110 East Lockwood
      St. Louis, MO 63119
      314-963-9000 telephone
      314-963-1700 facsimile
      onder@onderlaw.com
      kruse@onderlaw.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing was served via the Court's CM/ECF filing service on this 18th day of December, 2009 to the following:

Kathy A. Wisniewski
John W. Rogers
THOMPSON COBURN
One U.S. Bank Plaza
26th Floor
St. Louis, MO 63101

        /s/ Michael Kruse_____