IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL E. OWENS and BARBARA S. OWENS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.  09-cv- 0479-MJR |
| APPLE, INC., | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

### A. Introduction

On June 24, 2009, Daniel and Barbara Owens filed a class action complaint against Apple, Inc., (Apple).  Plaintiffs seek to certify a nationwide class of individuals who purchased iTunes gift cards.  On August 26, 2009, Apple moved to dismiss Plaintiffs' complaint.  That fully-briefed dismissal motion (Doc. 17) comes now before the Court. For the reasons discussed below, the Court denies the motion.

### B. Applicable Legal Standards and Analysis

Plaintiffs claim that Apple wrongfully marketed, distributed and sold iTunes gift cards and songs through its iTunes internet website.  Specifically, Plaintiffs contend that Apple, having represented to consumers that they could use the gift cards to purchase songs for $.99 a song, raised the price on certain songs to $1.29 on April 7,

1

2009.

Plaintiffs allege that Apple's conduct constitutes breach of contract (Counts I and II), violated the Illinois consumer fraud statute, 815 ILCS § 505/1, *et seq.* (Count III) and violated consumer protection statutes of other states (Count IV).  Plaintiffs seek a $.30 refund for each song that Plaintiffs and the putative class purchased using a $.99 iTunes card for which they were charged $1.29 plus attorneys' fees and costs.

Apple urges the Court to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park* District, 875 F.2d 609, 611 (7th Cir. 1989).

Stated another way, the question on a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely*

*v. Board of Education of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Additionally, although federal complaints need only plead claims not facts, the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008). *See also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008).

Rule 9(b) requires a plaintiff to plead all averments of fraud with particularity. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994). Providing the defendant with "fair notice is 'perhaps the most basic consideration' underlying Rule 9(b)." *Vicom,* 20 F.3d at 777-78 (*quoting* 5 Wright & Miller, Federal Practice and Procedure § 1298, at 648 (1969)). Rule 9(b) was designed to protect a defendant's reputation from unfair harm and to minimize "strike suits" and "fishing expeditions." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir.1992). "The purpose (the defensible purpose, anyway) of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

In the instant case, Apple contends, first, that Plaintiffs' breach of contract claims fail because (1) Plaintiffs lack privity with Apple; (2) Plaintiffs did not plead facts demonstrating that a definite and certain contract term was breached; and (3) Plaintiffs suffered no damages. Second, Apple contends that Plaintiffs' claim under the Illinois

Consumer Fraud and Deceptive Business Practices Act fails because (1) Plaintiffs failed to allege facts showing that Apple engaged in a deceptive practice or act; (2) Plaintiffs did not sufficiently plead materiality; (3) Plaintiffs did not sufficiently plead intent; (4) Plaintiffs did not suffer actual damages; and (5) Plaintiffs did not adequately plead proximate causation.  Third, Apple argues that Plaintiffs' claim based on unspecified consumer protection statutes of other states fails because Plaintiffs have not alleged facts establishing that the laws of other states apply to their claims, and thus Plaintiffs have no standing to prosecute claims under other states' statutes that have no connection to the transaction of which they complain.

Apple submits that Plaintiffs' breach of contract claims cannot lie because Plaintiffs cannot establish privity of contract with Apple.  While Apple recites general contract language and authority, it fails to provide any authority to support the concept that a corporation that sells a product (here, a gift card marketed by Apple that can only be used on the Apple website) through a third-party vendor has no privity of contract with the consumer who ultimately purchases the product.  Apple has not met its burden of showing that it had no privity of contract with purchasers of the iTunes gift cards.

Plaintiffs have sufficiently pled facts demonstrating that a definite and certain contract term was breached to survive Rule 12(b)(6) scrutiny under *Bell Atlantic*, because Counts I and II provide sufficient detail to fairly notify Apple of what the claims are and the grounds on which they rest, and (b) these Counts contain allegations showing that it is *plausible* (not purely speculative) that Plaintiffs may be entitled to relief.

4

Under the federal system of notice-pleading, a complaint need not allege all or *any* of the facts logically entailed by the claim, and it certainly need not include evidence. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). There is nothing vague about Apple's representation, "Songs are 99¢ and videos start at $1.99." As Plaintiffs assert, Apple used qualifying language regarding the price of videos but used no such qualifier regarding the price of songs. Plaintiffs have sufficiently pled breach of contract to withstand Apple's motion to dismiss.

Moreover, Plaintiffs have properly alleged that they were damaged as a result of the price increase. Apple argues that its gift cards provide $15 or $25 worth of entertainment and that price restructuring for individual songs did not change that amount. Plaintiffs respond that Apple's guarantee to price their songs at 99¢ was part of the basis for the bargain. As above, Plaintiffs have sufficiently pled facts demonstrating that a definite and certain contract term was breached to survive Rule 12(b)(6) scrutiny.

For all these reasons, Apple's dismissal motion warrants denial as to Counts I and II, and analysis turns to Count III – Plaintiffs' consumer fraud claim.

To state a claim under the Illinois Consumer Fraud Act, a plaintiff must plead: (1) a deceptive act or unfair practice by defendant, (2) the defendant's intent that the plaintiff rely on that act or practice, (3) that the act or practice occurred in the course of conduct involving trade or commerce, and (4) that the act or practice

5

proximately caused the plaintiff's injury. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 575-76 (7th Cir. 2001); *Galvan v. Northwestern Memorial Hospital*, 888 N.E.2d 529 (Ill. App. 2008), *citing Robinson*, 775 N.E.2d at 951; *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584 (Ill. 1996). "Consumers raising ICFA claims are afforded 'far broader' protection than those who bring common law fraud claims." *Muehlbauer v. General Motors Corp.*, 431 F.Supp.2d 847, 867 (N.D.Ill. 2006) (citing *Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F.Supp. 1114, 1128-29 (N.D.Ill. 1995)). "Moreover, courts are to liberally construe the ICFA." *Id.* (citing *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 594, (Ill. 1996)).

The four pleading requirements set forth in *Cozzi* are met in this case. Plaintiffs allege that Apple's representation that "Songs are 99¢ and videos start at $1.99" while pricing some songs at $1.29 was a deceptive act. Plaintiffs allege that they relied on the plain meaning of Apple's representation, *i.e.*, that some videos would be more expensive than $1.99, but songs were priced at 99¢. Plaintiffs submit that Apple's construction of this statement is a slippery slope that would allow Apple to market its gift cards in the same fashion as long as *one* song was 99¢. The Court notes, tongue-in-cheek, that "songs" is plural and, under Plaintiff's argument, at least *two* songs would have to be 99¢. As a result of the foregoing, the first two elements necessary to state a claim under the Act are properly pled. The third element is easily satisfied since Plaintiffs allege that Apple's conduct occurred in the course of commerce. The fourth element is also met for the same reason discussed above - that Plaintiffs have sufficiently stated a

claim that they suffered economic damage as a direct and proximate result of Apple's actions. Plaintiffs have pled facts sufficient to demonstrate a violation of the Act to survive Rule 12(b)(6) scrutiny.

For all these reasons, Apple's dismissal motion warrants denial as to Count III, and analysis turns to Count IV – Plaintiffs' claim for violation of consumer protection statutes.

Apple contends that Plaintiffs have failed to plead facts establishing that the laws of other states apply to their claims. Apple argues that Plaintiffs do not allege any facts demonstrating how their claims under unspecified consumer protection laws can apply extraterritorially to their personal claims or that their claims have any connection to any other state. Apple submits that Plaintiffs lack standing to seek to prosecute claims under the statutory laws of other states. In support, Apple cites a slip opinion from the Western District of Washington, *Cornelius v. Fidelity National Title Co.*, No. C08-754 MJP at *9 (W.D. Wash. filed March 9, 2009), where the District Judge held that plaintiffs in that action lacked standing to bring claims under consumer protection laws of states other than where they resided.

Of course, the *Cornelius* opinion cited by Apple is not binding precedent in this jurisdiction. Nor does Apple provide any analysis that would cause this Court to find that decision persuasive. Plaintiffs seek certification of a nationwide class of consumers who purchased the $.99 iTunes cards during the relevant period. The Court believes that the better course at this stage of the proceeding is to allow this claim to go forward.

Whether such a class is manageable and whether there are substantial or confusing differences among the states in the law that would be applied to the class's claims are burdens that Plaintiffs must bear in seeking certification of a nationwide class. *Carnegie v. Household Intern., Inc.*, 220 F.R.D. 542, 549 (N.D.Ill. 2004) (citing *In re Synthroid Mktg. Litig.*, 188 F.R.D. 287, 294 (N.D.Ill.1999) ("The burden is on plaintiffs to demonstrate that a class is appropriate for certification ... The plaintiffs have not ... demonstrate[d] how a national class action on their common law claims would be manageable."); *Tylka v. Gerber Prods. Co.*, 178 F.R.D. 493, 498 (N.D.Ill.1998) (denying certification of a nationwide class because "Plaintiffs fail to meet their burden and demonstrate that the nuances of 50 consumer fraud statutes and 50 common laws are manageable"). It is enough for this Court's present purpose to determine that Plaintiffs have adequately pled a cause of action pursuant to Rule 23. The Court so finds.

  C.  <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Defendant Apple, Inc.'s, motion to dismiss (Doc. 17).

**IT IS SO ORDERED.**

DATED this 21st day of December, 2009

           <u>s/Michael J. Reagan</u>
           MICHAEL J. REAGAN
           United States District Judge