IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL E. OWENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-cv-00479-MJR-DGW |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APPLE INC.'S ANSWER TO
<u>PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Defendant APPLE INC. ("Apple"), by and through its attorneys, answers the Complaint filed by Plaintiffs Daniel E. Owens and Barbara S. Owens ("Plaintiffs") as follows:

**INTRODUCTION**

1. Responding to paragraph 1 of the Complaint, Apple admits that Plaintiffs purport to bring a nationwide class action against Apple. Except as expressly admitted, Apple denies each and every averment contained in paragraph 1.

2. Responding to paragraph 2 of the Complaint, Apple admits that Apple markets and sells iTunes gift cards through its online stores and its own retail stores. Apple further admits that Apple indirectly distributes iTunes gift cards to third-party retailers. Apple admits that consumers use iTunes gift cards to purchase individual songs, among other things, from Apple's online iTunes store. Except as expressly admitted, Apple denies each and every averment contained in paragraph 2.

3. Responding to paragraph 3 of the Complaint, Apple denies each and every averment contained in paragraph 3.

4. Responding to paragraph 4 of the Complaint, Apple denies each and every averment contained in paragraph 4.

1

## PARTIES

5. Responding to paragraph 5 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and, on that basis, denies such averments.

6. Responding to paragraph 6 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and, on that basis, denies such averments.

7. Responding to paragraph 7 of the Complaint, Apple admits that its executive offices and corporate headquarters are located in Cupertino, California. Apple further admits that it is incorporated in California and that it is registered to do business in the State of California. Except as expressly admitted, Apple denies each and every averment contained in paragraph 7.

8. Responding to paragraph 8 of the Complaint, Apple admits that it markets and sells iTunes gift cards through its online stores and its own retail stores. Apple further admits that Apple indirectly distributes iTunes gift cards to third-party vendors. Apple further admits that consumers purchase individual songs, among other things, from Apple's on-line iTunes store. Except as expressly admitted, Apple denies each and every averment contained in paragraph 8.

## JURISDICTION

9. Responding to paragraph 9 of the Complaint, Apple states that insofar as the averments in paragraph 9 state conclusions of law, no response thereto is required. Apple further states that it is without knowledge or information sufficient to form a belief as to the truth of the

averments that the matter in controversy exceeds the jurisdictional amount. Except as expressly stated, Apple denies each and every averment contained in paragraph 9.

10. Responding to paragraph 10 of the Complaint, Apple states that insofar as the averments in paragraph 10 state conclusions of law, no response thereto is required. Apple admits that it does business in the state of Illinois. Except as expressly admitted, Apple denies each and every averment contained in paragraph 10.

11. Responding to paragraph 11 of the Complaint, Apple states that insofar as the averments in paragraph 11 state conclusions of law, no response thereto is required. Except as expressly stated, Apple denies each and every averment contained in paragraph 11.

## FACTUAL ALLEGATIONS

12. Responding to paragraph 12 of the Complaint, Apple admits that it owns, operates, and markets an online store known as the iTunes Music Store or the iTunes Store. Except as expressly admitted, Apple denies each and every averment contained in paragraph 12.

13. Responding to paragraph 13 of the Complaint, Apple admits that the iTunes Store sells, among other things, individual songs in digital format. Apple further admits that customers can purchase such songs and then download them to a computer and/or other device. Except as expressly admitted, Apple denies each and every averment contained in paragraph 13.

14. Responding to paragraph 14 of the Complaint, Apple admits that the iTunes Store was launched on April 28, 2003. Except as expressly admitted, Apple denies each and every averment contained in paragraph 14.

15. Responding to paragraph 15 of the Complaint, Apple admits that customers have purchased and downloaded more than five billion songs from the iTunes Store. Except as expressly admitted, Apple denies each and every averment contained in paragraph 15.

16.     Responding to paragraph 16 of the Complaint, Apple denies each and every averment contained in paragraph 16.

17.     Responding to paragraph 17 of the Complaint, Apple admits that iTunes gift cards are a means of making purchases from the iTunes store.  Apple further admits that iTunes gift cards are available in a variety of dollar increments and that the purchase price of a given gift card is applied as credits to the cardholder's individual iTunes account.  Apple further admits that an iTunes gift cardholder can use those credits to make purchases from the iTunes Store and the cost of each purchased and downloaded item is then deducted from the gift cardholder's balance of credits.  Except as expressly admitted, Apple denies each and every averment contained in paragraph 17.

18.     Responding to paragraph 18 of the Complaint, Apple admits that it sells iTunes gift cards through its online stores and its own retail stores throughout the United States.  Apple further admits that it indirectly distributes iTunes gift cards to third-party retailers including, but not limited to, Target, Walmart, Best Buy and Walgreens.  Apple further admits that third-party retailers sell iTunes gift cards to consumers throughout the United States and its territories.  Except as expressly admitted, Apple denies each and every averment contained in paragraph 18.

19.     Responding to paragraph 19 of the Complaint, Apple admits that the price for purchasing and downloading every individual song at the iTunes Store was, until April 7, 2009, $0.99.  Apple admits that on April 7, 2009, it increased the price of certain individual songs available for purchase and download from the iTunes Store to $1.29 and decreased the price of certain individual songs available for purchase and download from the iTunes Store to $0.69.  Except as expressly admitted, Apple denies each and every averment contained in paragraph 19.

20. Responding to paragraph 20 of the Complaint, Apple admits that certain iTunes gift cards at certain times contained the language quoted in paragraph 20. Except as expressly admitted, Apple denies each and every averment contained in paragraph 20.

21. Responding to paragraph 21 of the Complaint, Apple admits that on April 7, 2009, Apple increased the price of certain songs available for purchase and download from the iTunes Store to $1.29. Except as expressly admitted, Apple denies each and every averment contained in paragraph 21.

22. Responding to paragraph 22 of the Complaint, Apple denies each and every averment contained therein.

23. Responding to paragraph 23 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time, and, on that basis, denies the averments.

24. Responding to paragraph 24 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24, and, on that basis, denies the averments.

25. Responding to paragraph 25 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25, and, on that basis, denies the averments.

26. Responding to paragraph 26 of the Complaint, Apple admits that anyone who purchased and downloaded a song costing $1.29 has been charged $1.29 for that song. Except as expressly admitted, Apple denies each and every averment contained in paragraph 26.

27. Responding to paragraph 27 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments at this time, and, on that basis, denies the averments.

## CLASS ACTION ALLEGATIONS

28. Responding to paragraph 28 of the Complaint, Apple admits that Plaintiffs purport to bring a class action against Apple. Except as expressly admitted, Apple denies each and every averment contained in paragraph 28.

29. Responding to paragraph 29 of the Complaint, Apple admits that Plaintiffs seek to exclude certain persons and entities from the purported class. Except as expressly admitted, Apple denies each and every averment contained in paragraph 29.

30. Responding to paragraph 30 of the Complaint, Apple denies each and every averment contained therein.

31. Responding to paragraph 31 of the Complaint, Apple denies each and every averment contained therein and each and every averment contained in paragraph 31 and in all subparagraphs of paragraph 31.

32. Responding to paragraph 32 of the Complaint, Apple denies each and every averment contained therein.

33. Responding to paragraph 33 of the Complaint, Apple denies each and every averment contained therein.

34. Responding to paragraph 34 of the Complaint, Apple denies each and every averment contained therein.

35. Responding to paragraph 35 of the Complaint, Apple admits that Plaintiffs seek damages. Apple denies that Plaintiffs or the members of the purported class have been injured or

damaged in any way and further denies that Plaintiffs or the members of the purported class are entitled to relief of any kind. As to the remaining averments contained in paragraph 35, Apple is without knowledge or information sufficient to form a belief as to the truth of such averments, and, on that basis, denies the averments.

36. Responding to paragraph 36 of the Complaint, Apple denies each and every averment contained therein.

37. Responding to paragraph 37 of the Complaint, Apple denies each and every averment contained therein.

## COUNT I
### (Breach of Contract - Pre-April 7, 2009 99¢ iTunes Card Purchases)

38. Responding to paragraph 38 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

39. Responding to paragraph 39 of the Complaint, Apple admits that Plaintiffs purport to bring a class action against Apple and that Plaintiffs have identified a purported sub-class. Except as expressly admitted, Apple denies each and every averment contained in paragraph 39.

40. Responding to paragraph 40 of the Complaint, Apple denies each and every averment contained therein.

41. Responding to paragraph 41 of the Complaint, Apple denies each and every averment contained therein.

42. Responding to paragraph 42 of the Complaint, Apple denies each and every averment contained therein.

43. Responding to paragraph 43 of the Complaint, Apple denies each and every averment contained in paragraph 43, and in all subparagraphs of paragraph 43.

## COUNT II
### (Breach of Contract - On or After April 7, 2009 99¢ iTunes Card Purchases)

44. Responding to paragraph 44 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

45. Responding to paragraph 45 of the Complaint, Apple admits that Plaintiffs purport to bring a class action against Apple and that Plaintiffs have identified a purported sub-class. Except as expressly admitted, Apple denies each and every averment contained in paragraph 45.

46. Responding to paragraph 46 of the Complaint, Apple denies each and every averment contained therein.

47. Responding to paragraph 47 of the Complaint, Apple denies each and every averment contained therein.

48. Responding to paragraph 48 of the Complaint, Apple denies each and every averment contained therein.

49. Responding to paragraph 49 of the Complaint, Apple denies each and every averment contained in paragraph 49, and in all subparagraphs of paragraph 49.

## COUNT III
### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)

50. Responding to paragraph 50 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

51. Responding to paragraph 51 of the Complaint, Apple admits that Plaintiffs purport to bring a class action against Apple and that Plaintiffs have identified a purported sub-class. Except as expressly stated, Apple denies each and every averment contained in paragraph 51.

52. Responding to paragraph 52 of the Complaint, Apple admits that Plaintiffs purport to bring a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. Insofar as Plaintiffs' averments state conclusions of law, no response is required thereto. Except as expressly admitted, Apple denies each and every averment of paragraph 52.

53. Responding to paragraph 53 of the Complaint, Apple denies each and every averment contained therein.

54. Responding to paragraph 54 of the Complaint, Apple denies each and every averment contained therein.

55. Responding to paragraph 55 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments, and, on that basis, denies such averments.

56. Responding to paragraph 56 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments, and, on that basis, denies such averments.

57. Responding to paragraph 57 of the Complaint, Apple denies each and every averment contained therein.

58. Responding to paragraph 58 of the Complaint, Apple denies each and every averment contained in paragraph 58, and in all subparagraphs of paragraph 58.

**COUNT IV**
**(Violation of Consumer Protection Statutes)**

59. Responding to paragraph 59 of the Complaint, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

60.     Responding to paragraph 60 of the Complaint beginning at the bottom of page 13, Apple admits that Plaintiffs purport to bring a class action against Apple and that Plaintiffs have identified a purported sub-class.  Except as expressly admitted, Apple denies each and every averment contained in paragraph 60.

60(a).  Responding to the second paragraph marked paragraph "60" at the top of page 14 of the Complaint, Apple states that insofar as Plaintiffs' averments state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment of the second enumerated paragraph 60.

61.     Responding to paragraph 61 of the Complaint, Apple admits that Plaintiffs purport to bring a claim under the provisions of all applicable state and territorial consumer fraud and/or deceptive trade practices and/or merchandising practices statutes.  Insofar as Plaintiffs' averments state conclusions of law, no response is required thereto.  Except as expressly stated herein, Apple denies each and every averment of paragraph 61.

62.     Responding to paragraph 62 of the Complaint, Apple denies each and every averment contained therein.

63.     Responding to paragraph 63 of the Complaint, Apple denies each and every averment contained therein.

64.     Responding to paragraph 64 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 64, and, on that basis, denies such averments.

65.     Responding to paragraph 65 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 65, and, on that basis, denies such averments.

66. Responding to paragraph 66 of the Complaint, Apple denies each and every averment contained therein.

67. Responding to paragraph 67 of the Complaint, Apple denies each and every averment contained in paragraph 67, and in all subparagraphs of paragraph 67.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiffs have the burden of proof or persuasion.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs and the purported class have failed to mitigate their damages, if any.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

Plaintiffs' claims, and those of the purported class, alleged in the Complaint are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

### FOURTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Any and all events, happenings, injuries and damages set forth in the Complaint were proximately caused and contributed to by the acts and/or omissions of Plaintiffs and/or members

of the purported class, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiffs and/or the purported class.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

Plaintiffs' claims fail due to a lack of privity.

### SIXTH AFFIRMATIVE DEFENSE
### (Constitutional)

The claims of Plaintiffs and the purported class are in contravention of Apple's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions: (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8, of the United States Constitution; (b) said claims violate Apple's right to Due Process under the Fourteenth Amendment to the United States Constitution; (c) said claims contravene the constitutional prohibition against vague and overbroad laws; (d) said claims contravene freedom of speech rights under State Constitutions and the First and Fourteenth Amendments to the United States Constitution; and (e) said claims contravene the Due Process Clauses of the State Constitutions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

The claims of Plaintiffs and the purported class are barred because, although Apple denies each and every claim of Plaintiffs and the purported class and denies that Apple engaged in wrongdoing or error of any kind, any alleged error on Apple's part was a bona fide error notwithstanding Apple's use of reasonable procedures adopted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Provide Statutory Notices)

Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, because Plaintiffs failed to give Apple the proper pre-suit notice required under certain States' consumer protection laws.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Article III Standing)

Apple alleges on information and belief that Plaintiffs and the members of the purported class lack standing under Article III of the Constitution of the United States.

Apple reserves the right to assert other defenses as discovery progresses.

## PRAYER

WHEREFORE, Apple prays for judgment as follows:

1. That Plaintiffs and the purported class take nothing by way of the Complaint;
2. That the Complaint be dismissed with prejudice and judgment be entered in favor of Apple;
3. That Apple be awarded its costs of suit; and
4. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Apple hereby demands a trial by jury on all issues upon which trial by jury may be had.

    Respectfully submitted,

    **THOMPSON COBURN LLP**

    /s/ John W. Rogers
    Kathy A. Wisniewski – Lead Counsel
    kwisniewski@thompsoncoburn.com
    John W. Rogers
    jrogers@thompsoncoburn.com
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000
    (314) 552-7000 (facsimile)

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 14th day of January, 2010, Defendant Apple Inc.'s Answer was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    /s/ John W. Rogers